BurtoN, J.,
delivered the opinion of the court.
The facts of this case being so clearly and succinctly stated in the agreed case, need not be repeated here.
We agree with the Chancellor that R. H. Brooks should have been allowed to prove his partnership •claim of $538.60 against the partnership assets of Brooks & Suggs; but we do not approve of the rea- *16 soiling on which his Honor’s decree seems to have been founded.
On the decease of one partner, the survivor stands chargeable with the whole of the partnership debts, and therefore partners are so far deemed joint tenants, as it were, of the partnership effects, as to enable the survivor to take them by survivorship, for the purpose of holding and administering them until the debts are paid: and not until this is done, is he required to account to the personal representative of the deceased partner, for the deceased’s part of the partnership effects.
Elijah Brooks, the surviving partner in this case, having died before the partnership was wound up, it should seem that John M. Brooks, his administrator, succeeded to the interest which the former had in the partnership effects, and had the right to administer them. And if this be true, then the objection made to R. H. Brooks’s proving his claim against the partnership assets was extremely technical.
R. H. Brooks proved against the administrator of the surviving partner, his whole claim, including the demand against the partnership, within the two years allowed by law; and if the title to the partnership assets vested in the administrator of the surviving partner, then the administrator was bound to answer the demand out of the partnership assets, as well as out of .the individual assets of his intestate, Elijah Brooks.
We have not been able to find a direct authority to the effect that the administrator of the surviving partner represents the partnership assets that, were in *17 the hands of his intestate, unsettled and undisposed of; but whether this be so or not, there is another reason, we think, why Suggs’s administrator can not complain of the Chancellor’s decree.
The partnership creditor saw fit, indeed, to prove his claim only against Elijah Brooks’s individual estate; and having failed to proceed against Suggs’s estate within two years and six months from the qualification of the administrator, it might seem that he could not afterward amend his petition against Brooks’s estate into one against the partnership, since this step would involve Suggs’s estate. But the creditor might recover against Brooks’s administrator, and then he might resort to the partnership effects for proper reimbursement, and this would equally affect Suggs’s estate. 'Why confine the creditor to Brooks’s administrator, and impel him upon the partnership fund, when the same result might be accomplished, without circuity, by allowing the creditor himself to resort to the partnership fund in the first instance?
But aside from this, we think that the administrator of the surviving partner represented the partnership assets, and that, without any amendment to the petition, it would have been the Chancellor’s duty, by way of adjusting the accounts between the parties, to direct payment of the partnership debt out of the partnership assets.
Without further discussion, we affirm the judgment.